1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZELDES HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST (221858)
  alreenh@zhlaw.com
AARON M. OLSEN (259923)
  aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone: 619-342-8000
Facsimile: 619-342-7878

Attorneys for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA T. GONZALEZ, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXAMINATION MANAGEMENT SERVICES, INC., a Nevada Corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:   '17CV1077 JLS  JLB<br><br>CLASS ACTION<br><br>CLASS ACTION COMPLAINT<br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

ZELDES HAEGGQUIST & ECK, LLP

Plaintiff Maria T. Gonzalez ("Plaintiff"), by her attorneys, brings this action on behalf of herself and all others similarly situated against Defendants Examination Medical Services, Inc. ("EMSI") and Laboratory Corporation of America ("LabCorp") and DOES 1 through 10, inclusive (collectively, "Defendants"). Plaintiff makes the following allegations upon information and belief (except those allegations as to the Plaintiff or her attorneys, which are based on personal knowledge), based upon an investigation that is reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## NATURE OF ACTION

1.     "The misclassification of employees as independent contractors presents one of the most serious problems facing affected workers, employers and the entire economy." *United States Department of Labor, Wage and Hour Division* ("DOL").[1] This class action is brought on behalf of Plaintiff and The Class[2] because of Defendants' systemic misclassification and mistreatment of California phlebotomists as independent contractors in violation of California's wage and hour laws.

2.     EMSI, one of the nation's largest medical information services companies, and LabCorp, one of the world's largest health care diagnostics companies, unlawfully profits off the backs of its misclassified phlebotomists – who comprise an integral part of Defendants' business. Together, Defendants are the joint employers of these misclassified independent contractors.

3.     To redress the harms suffered, Plaintiff, on behalf of herself and The Class, brings claims for: (1) willful misclassification in violation of Labor Code

---

[1]     *See* https://www.dol.gov/whd/workers/misclassification/ (last visited 5/2/2017).

[2]     "The Class" is defined in ¶¶36 and 37 below.

CLASS ACTION COMPLAINT

ZELDES HAEGGQUIST & ECK, LLP

1  §226.8; (2) failure to pay minimum wage in violation of Labor Code §§1194, 1197;

2  (3) failure to pay all wages due and owing, Labor Code §218; (4) failure to

3  accurately maintain records and failure to provide accurate wage statements in

4  violation of Labor Code §§226, 1174; (5) failure to provide timely payment of all

5  wages upon discharge or resignation in violation of Labor Code §§201-203; and

6  (6) violation of the Unfair Competition Law ("UCL"), Business & Professions

7  Code §17200, *et seq.*

## JURISDICTION

8

9  4.     This Court has original jurisdiction over this action under 28 U.S.C.

10  §1332(a) as well as the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2)

11  ("CAFA"), as to the named Plaintiff and every member of The Class, because the

12  proposed Class contains more than 100 members, the aggregate amount in

13  controversy exceeds $5 million, and Class members reside in California and are

14  therefore diverse from Defendants. The Court has supplemental jurisdiction over

15  Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

16  5.     This Court has personal jurisdiction over Defendants because they do

17  a substantial amount of business in California, including in this District; are

18  authorized to conduct business in California, including in this District; and have

19  intentionally availed themselves of the laws and markets of this District through

20  the promotion, sale, marketing, and/or distribution of their products and services.

21  6.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b),

22  because a substantial part of the events or omissions giving rise to Plaintiff's

23  claims occurred in this District. Venue is also proper under 18 U.S.C. §1965(a),

24  because Defendants transact a substantial amount of its business in this District.

## THE PARTIES

25

26  7.     Plaintiff Maria T Gonzalez is now, and at all relevant times was, a

27  resident of San Diego, State of California. Plaintiff brings this action in her

28

ZELDES HAEGGQUIST & ECK, LLP

individual capacity and on behalf of all others similarly situated. Plaintiff worked for Defendants from about June 22, 2016 to about October 15, 2016 as a phlebotomist. Defendants misclassified Plaintiff as an IRS Form 1099 independent contractor, when she should have been an IRS Form W-2 employee. Defendants integrated Plaintiff into its workforce: she worked alongside properly classified phlebotomists, sharing the same supervisors, performing the same or materially the same functions, working the same core work days and hours, offered the same meal and rest breaks, offered overtime compensation for hours worked more than eight hours per day, and offered mileage reimbursement. Plaintiff was generally scheduled to work five days per week (Monday through Friday), from 8:00 a.m. to 5:00 p.m. Plaintiff worked on-site at LabCorp's offices, located at 450 4th Avenue, Chula Vista, California 91911. As set forth below, Defendants had the right to control and direct Plaintiff, not only as to the result to be accomplished by the work but also as to the details and means by which that result was accomplished. That is, Plaintiff was subject to the will and control of Defendants not only as to what was required to be done, but how it was to be done.

8.     Defendant EMSI is a Nevada corporation with its principle place of business located at 3050 Regent Boulevard, Suite 400, Irving, Texas 75063. EMSI touts that it is "a medical information services provider serving health plans, life and property/casualty insurers and employers."[3]

9.     Defendant LabCorp is a Delaware corporation with its principle place of business located at 531 South Spring Street, Burlington, North Carolina 27215. LabCorp touts that it is a provider of "leading-edge medical laboratory tests and

---

[3]     https://www.emsinet.com/ (EMSI's online homepage) (last visited on 5/3/2017).

ZELDES HAEGGQUIST & ECK, LLP

services through a national network of primary clinical laboratories and specialty testing laboratories."[4]

10.     Together, Defendants EMSI and LabCorp are the joint employers of Plaintiff and The Class. Based on information and belief, Defendant EMSI is a "labor contractor" within the meaning of Labor Code §2810.3(a)(3) because it supplies the client employer (LabCorp) with workers to perform labor within the client employer's usual course of business.

11.     Based on information and belief, Defendant LabCorp is a "client employer" within the meaning of Labor Code §2810.3(a)(1)(A) because it is a business entity with a workforce greater than 25 workers that obtains or is provided workers to perform labor within its usual course of business from a labor contractor. Accordingly, Defendants share joint liability pursuant to Labor Code §2810.3(b).

12.     In addition, Defendants are joint employers of Plaintiff and The Class because, based on information and belief, they both have equal right to control the manner and means, and the terms, conditions, and privileges of Plaintiff's and The Class' employment.

13.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this complaint and include these Doe Defendants true names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and The Class.

---

[4]     https://www.labcorp.com/about-us (LabCorp's About Us webpage) (last visited on 5/3/2017).

ZELDES HAEGGQUIST & ECK, LLP

**FACTUAL ALLEGATIONS**

**Background**

14.     Plaintiff and The Class are current and former "Phlebotomists" who worked for Defendants.[5] Plaintiff and The Class, as Phlebotomists, are an integral part of Defendants' business operations of providing healthcare solutions to patients. According to Defendants, "Phlebotomists are the ***catalysts*** of our organization."[6] They "play an ***essential role***" in Defendants' customers' "overall healthcare experience." *Id.* Collectively, Phlebotomists' "work contributes to 70% of the healthcare decisions nationwide."

15.     Unfortunately, as set forth in further detail below, despite playing an integral role in Defendants' business, Defendants willfully misclassified Plaintiff and The Class as independent contractors to cut costs and avoid compliance with labor laws.

**Defendants Misclassified Plaintiff and The Class
as Independent Contractors**

16.     In California, pursuant to the Labor Code, any person rendering service for another is presumed to be an employee. Labor Code §§2750.5, 3357. Plaintiff and The Class were employees of Defendants because they rendered services for Defendants and they do not meet the definition of independent contractors as set forth in Labor Code §§2750.5, 3353. Rather, Defendants had the right to control the manner and means in which the services for Defendants were performed by Plaintiff and The Class.

---

[5]     The term "Phlebotomists" is defined in ¶35(c) below.

[6]     https://jobs.labcorp.com/category/phlebotomy-jobs/668/4893/1 (last visited 5/9/2017)

ZELDES HAEGGQUIST & ECK, LLP

17.    The following work characteristics which Defendants voluntarily and knowingly dictated and mandated, illustrate that Plaintiff and The Class were employees who were unlawfully classified as independent contractors:

(a)    Plaintiff and The Class performed integral services within Defendants' usual course of business, which was to provide phlebotomy services for Defendants' clients, and did so under Defendants' specific direction;

(b)    Defendants supervised and controlled the quantity and quality of Plaintiff's and The Class' work on a daily basis;

(c)    Defendants determined the rate and method of Plaintiff's and The Class' compensation;

(d)    Plaintiff and The Class were required to adhere to the work schedules and work hours dictated and mandated by Defendants and Plaintiff and The Class could not change their work schedules or hours without permission by Defendants;

(e)    Defendants mandated Plaintiff and The Class arrive at least ten minutes prior to their shift start time;

(f)    Plaintiff and The Class were not allowed to leave work early or take time off without advance approval from Defendants;

(g)    Plaintiff and The Class were required to work at LabCorp's work sites or otherwise at the location of Defendants' choosing;

(h)    Plaintiff and The Class were required to adhere to Defendants' dress code and dress professionally, including wearing lab coats or medical scrubs, and closed toe shoes;

(i)    Plaintiff and The Class were required to use Defendants' time sheets to track their hours of work and submit the time sheets daily to Defendants;

(j)    Plaintiff and The Class were required to get their supervisors to sign their daily time sheets;

ZELDES HAEGGQUIST & ECK, LLP

1    (k)    Plaintiff and The Class were required to use the materials and
2   tools on-site provided by Defendants, including Defendants' blood kits, supplies,
3   gloves, computers, paperwork, and equipment;

4    (l)    In addition to drawing blood, Defendants mandated Plaintiff
5   and The Class restock the office draw rooms, to clean the draw rooms, and to
6   process and complete paperwork according to Defendants' procedures and
7   policies;

8    (m)    Plaintiff and The Class were required to have daily access to
9   email, internet, and cell phones;

10    (n)    Plaintiff and The Class were not allowed to use their cell
11   phones while at work;

12    (o)    Defendants placed time limits on the completion and
13   submission of Plaintiff's and The Class' work;

14    (p)    Defendants had the right and power to hire and discharge
15   Plaintiff and The Class at will;

16    (q)    Plaintiff's and The Class' job duties were not project based, but
17   rather, performed on a continual and indefinite basis as they are an integral part of
18   Defendants' business operations;

19    (r)    Defendants integrated Plaintiff and The Class into its
20   workforce: they worked alongside properly classified employees, sharing the same
21   supervisors, performing the same or materially the same functions, working the
22   same core work days and hours, receiving the same meal and rest breaks, receiving
23   overtime compensation for hours worked more than eight hours per day, and
24   receiving mileage reimbursement;

25    (s)    Defendants provided Plaintiff and The Class with training on
26   its specific procedures and policies, which Plaintiff and The Class were required
27   to adhere to;

28

CLASS ACTION COMPLAINT

ZELDES HAEGGQUIST & ECK, LLP

(t)     Defendants required Plaintiff and The Class to attend mandatory online training;

(u)     Defendants determined and controlled which customers Plaintiff and The Class could service, including the time, place, and manner of service; and

(v)     Defendants retained control over the operations as a whole.

18.     In other words, Defendants had the right to control and direct Plaintiff and The Class, not only as to the result to be accomplished by the work but also as to the details and means by which that result was accomplished. That is, Plaintiff and The Class, were subject to the will and control of Defendants not only as to what was required to be done, but how it was to be done.

19.     Defendants' misclassification of Plaintiff and The Class as independent contractors was done knowingly and voluntarily. Because of Defendants' willful misclassification, Defendants violated, *inter alia*, California's Labor Code, Wage Orders, and Regulations.

**Defendants' Unlawful Conduct Harmed Competition, Plaintiff and The Class**

20.     "The misclassification of workers as independent contractors creates an unfair playing field for responsible employers who honor their lawful obligations to their employees." *State of California Department of Industrial Relations*.[7] In addition, "employee misclassification generates substantial losses to the federal government and state governments in the form of lower tax revenues, as well as to state unemployment insurance and workers' compensation funds." DOL.[8] The loss of payroll tax revenue to the state of California because of such

---

[7]     https://www.dir.ca.gov/dlse/worker_misclassification.html (last visited 5/9/2017).

[8]     https://www.dol.gov/whd/workers/misclassification/ (last visited 5/9/2017).

ZELDES HAEGGQUIST & ECK, LLP

misclassification is "estimated at $7 billion per year," and it increases "reliance on the public safety net by workers who are denied access to work-based protections." *Id.*

21.     Due to Defendants' willful misclassification of Plaintiff and The Class as independent contractors, Defendants have gained an unfair advantage over competition, generated substantial losses to state and federal governments, and caused Plaintiff and The Class damages and denial of work-based protections in amounts to be determined at the time of trial.

22.     Defendants have avoided paying unemployment insurance taxes, workers' compensation premiums, and the employer's portion of Social Security and Medicare taxes. Defendants did not withhold federal or state taxes from Plaintiff's and The Class' wages, and they did not pay the employer's share of The Federal Insurance Contributions Act ("FICA") taxes.

23.     Moreover, due to the misclassification, Defendants denied Plaintiff and The Class wages that were due and owing to them, including, without limitation, paid time off, vacation pay, payment of insurance premiums, and other benefits they were entitled to as employees. Accordingly, Defendants failed to timely pay Plaintiff and The Class all due and owing wages pursuant to, *inter alia*, Labor Code §§200, 201, 202, 204, and 218.

24.     Moreover, Defendants instituted a uniform unlawful policy as follows:

> Arrival time is 10 minutes prior to start time. Billable time is start time to end time (no longer than 8 hours per day). Do not be late.

In other words, Defendants mandated Plaintiff and The Class to be subject to their control and working for ten minutes per shift without compensation. As a result, Defendants failed to pay Plaintiff and The Class due and owing wages in violation of, *inter alia*, Labor Code §§204, 218, 1194, and Industrial Welfare Commission Order No. 5-2001 ("Wage Order No. 5"), ¶7, 8 Cal. Code Regs. §11050(4).

25.     Also, because of Defendants' unlawful misclassification of Plaintiff and The Class, Defendants failed to maintain accurate personnel and wage records in violation of Wage Order No. 5, ¶¶7, 8 Cal. Code Regs. §11050(7)(A) (holding "every employer shall keep accurate information with respect to each employee …."). Labor Code §§226, 1174, and 1198.5(c). Because of the inaccurate wage statements, Plaintiff and The Class have been harmed because their wages owed were not properly calculated and Plaintiff and The Class were never made aware of what their true wages were and how they were calculated.

26.     Likewise, Plaintiff and Sub-Class Two (as defined in ¶36(b)), which includes only *former* Phlebotomists, were not timely paid all wages due upon discharge and/or within 72 hours of resignation required by California Labor Code §§201-203.

## PRIVATE ATTORNEY GENERAL ACT

27.     California's Private Attorney General Act ("PAGA") (Labor Code §§2698, *et seq.*) was in effect during the Class Period and applicable to The Class. PAGA provides that any civil penalty which may be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself or himself and other current or former employees pursuant to procedures outlined in California Labor Code §2699.3.

28.     Under PAGA, an "aggrieved employee," is any person employed by the alleged violator and against whom one or more of the alleged violations was committed. Plaintiffs and The Class were employed by Defendants and the alleged violations were committed against them during their employment and they are, therefore, aggrieved employees. Plaintiff and The Class are "aggrieved employees" as defined by California Labor Code §2699(c) because they are all

ZELDES HAEGGQUIST & ECK, LLP

current or former employees of Defendants, and one or more of the alleged violations were committed against them.

29. Pursuant to Labor Code §§2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action to recover PAGA civil penalties in addition to any other available penalties after: (1) giving written notice by certified mail ("Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, and (2) the LWDA advises the employee and employer it declines to investigate the alleged violations within 60 calendar days of the postmark date of the Employee's Notice. Labor Code §2699.3(a)(1)-(2).

30. On May 24, 2017, Plaintiff provided written notice by online submission and by certified mail to the LWDA and by certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code §2699.3.

31. The employer may cure the alleged violation within 33 calendar days of the Employee's Notice. Labor Code §2699.3(c)(2)(A). If the alleged violations are not cured within the 33-day period, Plaintiff may commence a civil action pursuant to Labor Code §2699. *Id.*

32. If the alleged violations are not cured within the 33-day period by Defendants, Plaintiff intends on amending her Complaint to add a cause of action arising under Labor Code §2699. *See* Labor Code §2699.3(a)(2)(C) ("Notwithstanding any other provision at law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.").

ZELDES HAEGGQUIST & ECK, LLP

**CLASS ACTION ALLEGATIONS**

33.    Plaintiff realleges and incorporates herein by reference each allegation in the preceding and subsequent paragraphs.

34.    Plaintiff brings this action on behalf of herself individually and other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23.

35.    As used herein, the following terms have the meanings set forth below:

(a)    "Class Period" means the period within the four years of the filing of this Complaint through the date of final disposition of this action.

(b)    "Independent Contractor" means persons classified by Defendants as IRS Form 1099 independent contractors instead of IRS Form W-2 employees.

(c)    "Phlebotomists" mean all persons who worked for EMSI and/or LabCorp in California as a phlebotomist, examiner, and/or PST Specialist.[9]

36.    Plaintiff seeks to represent the following classes of persons:

(a)    <u>Sub-Class One</u>:

All Phlebotomists who were classified as an Independent Contractor during the Class Period.

(b)    <u>Sub-Class Two</u>:

All *former* Phlebotomists who were classified as an Independent Contractor during the Class Period.[10]

---

[9]    These terms are meant to encompass all persons working for Defendants who performed the same or substantially the same phlebotomy job duties as Plaintiff, regardless of the title given by Defendants for the position, and it may include more job titles than those expressly listed.

[10]    "Sub-Class Two" only applies to class members who are *former* California Phlebotomists for violations of Labor Code §§201 and 202. In other words, the Fifth Cause of Action for Defendants' failure to timely pay all wages due at time

13

ZELDES HAEGGQUIST & ECK, LLP

37.     Collectively, the two sub-classes are herein referred to as "The Class."

38.     Excluded from The Class are Defendants, their officers and directors, families, and legal representatives, heirs, successors, or assigns, and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

39.     Plaintiff reserves the right to amend or modify the class definition in connection with her motion for class certification, as a result of discovery, at trial, or as otherwise allowed by law.

40.     Plaintiff brings this action on behalf of herself and all others similarly-situated because there is a well-defined community of interest in the litigation and the proposed sub-classes are easily ascertainable.

### Numerosity

41.     The potential members of The Class, and each of the two sub-classes independently, are so numerous joinder of all the members is impracticable. While the precise number of members of The Class, or each of the two sub-classes, has not been determined, Plaintiff is informed and believes Defendants have employed more than one hundred California employees for each sub-class.

42.     Based on information and belief, Defendants' records evidence the number and location of The Class, and each of the two sub-classes, respectively.

### Commonality and Predominance

43.     There are questions of law and fact common to The Class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

---

of discharge or within 72 hours of resignation is only brought on behalf of Sub-Class Two class members.

CLASS ACTION COMPLAINT

ZELDES HAEGGQUIST & ECK, LLP

(a)     Whether Defendants misclassified Plaintiff and The Class as independent contractors;

(b)     Whether Defendants failed to pay Plaintiff and The Class all wages due and owing, including benefits and minimum wage;

(c)     Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and The Class;

(d)     Whether Defendants failed to keep accurate employment records;

(e)     Whether Defendants timely paid Plaintiff and The Class all due and owing wages upon discharge and/or within 72 hours of resignation;

(f)     Whether Defendants violated the UCL; and

(g)     Whether Plaintiff and The Class have been harmed and the proper measure of relief.

### Typicality

44.     The claims of Plaintiff are typical of the claims of The Class. Plaintiff and all members of The Class, including the two sub-classes, sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

### Adequacy of Representation

45.     Plaintiff will fairly and adequately represent and protect the interest of The Class. Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

### Superiority of Class Action

46.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of The Class is not practicable, and questions of law and fact common to The Class predominate over

ZELDES HAEGGQUIST & ECK, LLP

any questions affecting only individual members of The Class. Each member of The Class has been damaged and is entitled to recovery because of Defendants' uniform unlawful policy and/or practices described herein. There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**COUNT I**
**Willful Misclassification**
**In Violation of Labor Code §226.8**
**(On Behalf of Plaintiff and The Class)**

47.    Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above, as if fully set forth herein.

48.    Labor Code §226.8(a)(1) makes it unlawful for any person or employer to engage in the willful "misclassification of an individual as an independent contractor."

49.    For a violation of Labor Code §226.8(a), the employer shall be subject to a civil penalty of not less than $5,000 and not more than $15,000 for each violation, in addition to any other penalties or fines permitted by law. Labor Code §226.8(b).  If the employer is found to have engaged in a pattern or practice of these violations, the employer shall be subject to a civil penalty of not less than $10,000 and not more than $25,000 for each violation, in addition to any other penalties for fines permitted by law. Labor Code §226.8(c).

50.    In addition to any other remedy that has been ordered for a violation of Labor Code §226.8(a), the court shall order the employer to publicly display notice of its violation in compliance with Labor Code §§226.8(e), (f) and (h).

ZELDES HAEGGQUIST & ECK, LLP

51.    Defendants willfully engaged in a pattern and practice of violating Labor Code §226.8(a). Defendants misclassification of Plaintiff and The Class as independent contractors was willful because it was done knowingly and voluntarily.

52.    Plaintiff and The Class are entitled to civil penalties pursuant to Labor Code §226.8(b) and (c) because of Defendants pattern or practice of violating Labor Code §226.8(a). As a direct and proximate result of Defendants' unlawful misclassification, Plaintiff and The Class have been damaged in an amount to be proven at the time of trial.

53.    Plaintiff is also entitled to costs and reasonable attorneys' fees pursuant to Labor Code §§218.5, 2699(g), Code of Civil Procedure §1021.5, and any other applicable provision for attorneys' fees and costs.

**COUNT II**
**Failure to Pay Minimum Wages**
**In Violation of Labor Code §1197**
**(On Behalf of Plaintiff and The Class)**

54.    Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above, as if fully set forth herein.

55.    Labor Code §1197 provides, "[t]he minimum wage for employees … fixed by the commission … is the minimum wage to be paid to employees, and payment of a less wage than the minimum so fixed is unlawful." The statutory minimum wages are set forth in Labor Code §1182.12.

56.    According to the applicable Regulation, 8 Cal. Code Regs. §11050(4)(B) and Wage Order No. 5, Subdivision (4)(B):

> Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

ZELDES HAEGGQUIST & ECK, LLP

57.    "Hours worked" is broadly defined as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so …." 8 Cal. Code Regs. §11050(2)(K); Wage Order No. 5, ¶2(K). California workers must receive the minimum wage for each hour worked during the payroll period, even if the agreed-upon compensation exceeds the minimum wage for the total hours worked. *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 323 (2005); *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36 (2013). All wages are due and payable twice during each calendar month. Labor Code §204(a).

58.    Defendants required Plaintiff and The Class to be subject to Defendants' control during hours for which Plaintiff and The Class were not compensated. Specifically, Defendants instituted a uniform unlawful policy as follows:

> Arrival time is 10 minutes prior to start time. Billable time is start time to end time (no longer than 8 hours per day). Do not be late.

59.    In other words, Defendants mandated Plaintiff and The Class to be subject to their control and working for ten minutes per shift without any pay. Defendants knew Plaintiff and The Class were subject to their control for these ten minutes "prior to start time" without compensation as mandated by Defendants' unlawful policy. As a direct result, Defendants failed to pay Plaintiff and The Class the minimum wage for each hour worked during the payroll period.

60.    Pursuant to Labor Code §1194(a), "… any employee receiving less than the legal minimum wage … applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

61.    Because Plaintiff and The Class suffered damage as a direct result of Defendants' failure to pay them for all hours worked, Plaintiff and The Class are entitled to recover the full amount of the difference between what they were paid

and what they were required to be paid, including interest thereon, reasonable attorneys' fees, and costs of suit. Labor Code §§1194(a), 1194.3.

62.    In addition, pursuant to Labor Code §1194.2(a), Plaintiff and The Class are entitled to "recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

**COUNT III**
**Failure to Timely Pay All Wages Due and Owing**
**Labor Code §218**
**(On Behalf of Plaintiff and The Class)**

63.    Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above, as if fully set forth herein.

64.    California Labor Code §218 provides for a private right of action for "any wage claimant to sue directly or through an assignee for any wages or penalty due him" under the provisions of Article 1 (§§200-244 of the Labor Code).

65.    "Wages" are defined as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code §200(a). The California Supreme Court construes the term "'wages' broadly to 'include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as part of his compensation." *Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 618, 218 P.3d 262 (2009) (citing examples of "wages" to include money, room, board, clothing, vacation pay, sick pay, and insurance and incentive compensation, such as bonusses and profit sharing plans).

66.    Due to the misclassification of Plaintiff and The Class as independent contractors, Defendants denied Plaintiff and The Class wages that were due and owing to them, including, without limitation, paid time off, vacation pay, payment of insurance premiums, and other benefits they were entitled to as employees.

ZELDES HAEGGQUIST & ECK, LLP

19

ZELDES HAEGGQUIST & ECK, LLP

67.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and The Class have been damaged in an amount to be proven at the time of trial. Plaintiff and The Class are also entitled to all penalties due to them under Article 1 of the Labor Code.

68.     Plaintiffs are also entitled to costs, reasonable attorneys' fees and interest pursuant to Labor Code §§218.5, 218.6.

**COUNT IV**
**Failure to Provide Accurate Wage Statements**
**In Violation of Labor Code §§226 and 1174(d)**
**(On Behalf of Plaintiff and The Class)**

69.     Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above, as if fully set forth herein.

70.     Labor Code §226(a) states, in pertinent part, that employers:

> [S]hall furnish [to its employees, an] accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (4) all deductions … (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid … (8) the name and address of the legal entity that is the employer … and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hour rate by the employee ….

71.     Defendant LabCorp failed to provide Plaintiff and The Class with any wage statements. In addition, Defendants knowingly and intentionally failed to comply with Labor Code §226(a) on each wage statement that was provided to Plaintiff and The Class by failing to show the accurate gross wages earned, the total hours worked by the employee, all deductions, net wages earned, the proper name and address of the legal entity that is the employer, and all applicable hourly rates.

72.     In addition, Labor Code §1174 and Wage Order No. 5 require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll

20

records showing the hours worked daily by, time records, and the accurate wages paid to its employees. 8 Cal. Code Regs. §11050(7); Labor Code §1174(c) and (d).

73.     Defendants knowingly and willfully failed to maintain proper records in violation of Labor Code §§226, 1174 and 8 Cal. Code Regs. §11050(7).

74.     By failing to provide accurate wage statements and failing to maintain accurate records, Defendants have injured Plaintiff and The Class and made it difficult to calculate unpaid wages earned and due to Plaintiffs and The Class.

75.     Labor Code §§226(e) and (h) provide for the remedy for the violations described above:

> (e)     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

> (h)     An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees

76.     The failure of Defendants to comply with Labor Code §1174 is also unlawful pursuant to Labor Code §1175, which provides for a civil penalty of five hundred dollars ($500).

77.     Plaintiff and The Class are entitled to recover penalties and damages and cost of suit, attorneys' fees, and injunctive relief pursuant to the identified laws and Labor Code §226(h).

**COUNT V**
**Failure to Timely Pay Wages Due at Discharge or Resignation**
**In Violation of Labor Code §§201-203**
**(On Behalf of Plaintiff and Sub-Class Two)**

78.     Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above, as if fully set forth herein

79.     Labor Code §201(a) provides in pertinent part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

80.     Labor Code §202(a) provides in pertinent part that an employee quits his or her employment, his or her wages are due and payable within 72 hours.

81.     Labor Code §203 provides in pertinent part: "If an employer willfully fails to pay … in accordance with Section[] 201 … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid … but the wages shall not continue for more than 30 days."

82.     Defendants failed to pay Plaintiff and Sub-Class Two all wages due and owing at the time of discharge and/or within 72 hours of resignation. To date, Plaintiff and The Class have not received all due and owing wages.

83.     Because of Defendants' willful conduct in not paying all wages due on or within 72 hours of the last day of Plaintiff's and Sub-Class Two's employment with Defendants, Plaintiff and Sub-Class Two are entitled to 30 days' wages as a penalty under Labor Code §203 for failure to pay wages, together with interest thereon, and attorneys' fees and costs.

**COUNT VI**
**Unlawful and Unfair Business Practices**
**In Violation of Bus. & Prof. Code §§17200, *et seq.***
**(On Behalf of Plaintiff and The Class)**

84.     Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above, as if fully set forth herein.

85.     Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

86.     Defendants have conducted the following unlawful activities:

(a)     violations of Labor Code §226.8 by willfully misclassifying Plaintiff and The Class as independent contractors;

(b)     failing to timely pay all wages due and owing, including benefits and minimum wage, in violation of Labor Code §§204, 218, 1194, and 1197;

(c)     violations of Labor Code §§226, 1174, 1174.5, and Wage Order No. 5, ¶7, 8 Cal. Code Regs. §11050(7), by failing to provide Plaintiff and The Class with accurate itemized wage statements and failing to properly maintain records;

(d)     violations of Labor Code §§201-203, by failing to pay Plaintiff and Sub-Class Two all wages earned and unpaid at the time of discharge and/or within 72 hours of resignation;

(e)     violations of Labor Code §§2808, 2810.5, by failing to provide Plaintiff and The Class proper written notices; and

(f)     violations of Labor Code §§245, *et seq.* for failing to provide Plaintiff and The Class sick days, failing to provide proper postings, and failure to keep adequate records.

ZELDES HAEGGQUIST & ECK, LLP

87.   Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and The Class.

88.   The identified violations of the noted laws constitute business practices because they were done repeatedly over a period, and in a systematic manner to the detriment of Plaintiff and The Class

89.   Because of Defendants' violations of the Labor Code and other identified laws, Plaintiff and The Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code as detailed in this Complaint and other resulting harms. Plaintiff and The Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law.

90.   As a direct and proximate result of the unfair business practices of Defendants, Plaintiff and The Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost because of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

91.   The unlawful and unfair conduct alleged herein is continuing, and there is no indication that Defendants will refrain from such activity in the future. Plaintiff believes and alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, it will continue to violate California labor laws. Plaintiff further requests that the court issue a preliminary and permanent injunction.

92.     Plaintiff is also entitled to and hereby claims attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## PRAYER FOR RELIEF

93.     Wherefore, Plaintiff prays for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action with the named Plaintiff appointed as The Class Representative;

B.     For the attorneys appearing on the above-caption to be named Class counsel;

C.     For nominal, actual, and compensatory damages, including lost wages, according to proof at trial;

D.     For restitution of all monies, wages, expenses, and costs due to Plaintiff and The Class;

E.     For disgorged profits from the unlawful and unfair business practices in violation of Bus. & Prof. Code §§17200, *et seq.*;

F.     For reasonable attorneys' fees, expenses, costs, and interest pursuant to Labor Code §218.5, 218.6, 226, 1194, 1194.3, 2699(g), Code of Civil Procedure §1021.5, and as otherwise allowed by law;

G.     For liquidated damages and penalties pursuant to Labor Code §§203, 226, 226.8, 510, 1194.2, 1197.1, 2699.3, 2699.5, and as otherwise allowed by law;

H.     For injunctive and equitable relief pursuant to Labor Code §1194.5, Bus. & Prof. Code §§17200, *et seq.*, and as otherwise allowed by law;

I.     For declaratory relief as deemed proper;

J.     For pre-judgment and post-judgment interest to the extent allowable by law; and

ZELDES HAEGGQUIST & ECK, LLP

K.     For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff, individually, and on behalf of The Class, hereby demand trial by jury on all issues so triable.

Dated: May 24, 2017

ZELDES HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST (221858)
AARON M. OLSEN (259923)


By: _____
            AARON M. OLSEN

225 Broadway, Suite 2050
San Diego, CA  92101
Telephone: 619-342-8000
Facsimile: 619-342-7878
alreenh@zhlaw.com
aarono@zhlaw.com

Attorneys for Plaintiff

CLASS ACTION COMPLAINT

ZELDES HAEGGQUIST & ECK, LLP