UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA T. GONZALEZ, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXAMINATION MANAGEMENT SERVICES, INC., a Nevada Corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware Corporation; and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 17cv1077-JLS (JLB)<br><br>**ORDER: (1) GRANTING MOTION TO FILE THIRD PARTY COMPLAINT; AND (2) VACATING HEARING**<br><br>(ECF No. 22) |

Presently before the Court is Defendant Examination Management Services, Inc. ("EMSI")'s Motion for Leave to File Third Party Complaint, (ECF No. 22). EMSI seeks leave to add Soko United Corporation ("Soko") as a defendant, stating Plaintiff incorrectly named EMSI as her employer when Soko is Plaintiff's actual employer. (*Id.* at 3–4). EMSI seeks to implead Soko "for the purposes of assigning liability" to Soko if any liability is found with respect to Plaintiff's allegations. (*Id.* at 3.)

Also before the Court is Plaintiff Maria Gonzalez's Response to Motion, (ECF No.

23). In her Response, Plaintiff states she "does not oppose EMSI's filing of the proposed Third-Party Complaint" but reserves her right to strike, sever, or try separately the third-party claim and assert claims against the third party, and clarifies her belief that EMSI is correctly named as a defendant because EMSI is her employer. (*Id.* at 5, 8–9.)

## ANALYSIS

Federal Rule of Civil Procedure 14(a) governs when a defendant may bring a third party into a case. It provides, in pertinent part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a). Here, because Defendant's original answer was filed on August 28, 2017, leave of the Court is required.

As to the purpose of Rule 14(a), Professors Wright and Miller explain:

> The claim against the third-party defendant must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

6 Charles Alan Wright, et al., Federal Practice and Procedure § 1446 (3d ed. 2017). "The decision whether to implead a third party defendant is within the sound discretion of the district court." *Southwest Adm., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "In deciding whether to permit a defendant to file a third party complaint, the court considers (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) the likelihood of trial delay; and (4) the timeliness of the motion." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (citing *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971)); *see also Green Valley Corp. v. Caldo*

*Oil Co.*, No. 09-cv-04028-LHK, 2011 WL 1465883, at *8 (N.D. Cal. Apr. 18, 2011) (same).

First, EMSI's claim against Soko is based on Plaintiff's claim against EMSI. EMSI alleges if anyone is liable to Plaintiff, it is Soko, and is therefore attempting to transfer liability to Soko. Further, as to the three factors from *Irwin*, Plaintiff does not oppose the Motion and does not argue she would be prejudiced by the addition of Soko to the case. The Court agrees and finds no prejudice. Complication of issues and delay of the trial are not significant concerns because this case is still in its infancy and trial has not yet been set. Further, discovery has not yet begun in this case, and Magistrate Judge Burkhardt has already ordered that if Soko is added to the case, the Federal Rule of Civil Procedure 26(f) conference shall be completed within 14 days of Soko's filing of its answer to the complaint or the district court's ruling on any Rule 12 motion by Soko, whichever is sooner. (ECF No. 20, at 2.) Finally, the Court finds the present Motion timely, as it was filed with no undue delay, approximately one month after Defendant filed its answer.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Accordingly, the Court **VACATES** the hearing set for November 16, 2017.

**IT IS SO ORDERED.**

Dated: November 8, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge