# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA T. GONZALEZ, on behalf herself and of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXAMINATION MANAGEMENT SERVICES, INC.; LABORATORY CORPORATION OF AMERICA HOLDINGS; SOKO UNITED CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 17-CV-1077 JLS (JLB)<br><br>**ORDER: (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS;**<br>**(3) APPOINTING CLASS COUNSEL;**<br>**(4) APPOINTING PLAINTIFF MARIA T. GONZALEZ AS CLASS REPRESENTATIVE;**<br>**(5) APPOINTING CLAIMS ADMINISTRATOR;**<br>**(6) APPROVING NOTICE AND DIRECTING DISTRIBUTION OF NOTICE; AND**<br>**(7) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS**<br><br>(ECF No. 66) |

Presently before the Court is Plaintiffs' unopposed Motion for Preliminary Approval of Proposed Class Action Settlement ("Prelim. Approval Mot.," ECF No. 66). The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 69. Having reviewed the terms of the Proposed

Settlement Agreement, Plaintiffs' arguments, and the law, the Court preliminarily concludes that the settlement falls within the range of reasonableness warranting preliminary approval, *i.e.*, that the settlement appears fundamentally fair, reasonable, and adequate. Accordingly, the Court **GRANTS** the Preliminary Approval Motion.

## GENERAL BACKGROUND

This case began when Plaintiff Maria T. Gonzalez filed an action against LabCorp and Examination Management Services, Inc. ("EMSI") on May 24, 2017. *See generally* ECF No. 1 ("Compl."). Plaintiff alleged Defendants improperly classified her and other phlebotomists as independent contractors. *Id.* ¶ 1. Plaintiff further alleged that this misclassification caused damages under several provisions of both federal and state law, including damages for failure to pay minimum wage, failure to provide accurate wage statements, and failure to provide timely payment of all wages upon discharge. *Id.* ¶ 3.

On November 10, 2017, EMSI added Soko United Corporation ("Soko") as a third-party defendant, alleging indemnity-based claims. *See generally* ECF No. 27. Plaintiff filed a Second Amended Complaint that added Soko as a defendant and alleged that Soko was the joint employer of Plaintiff and the proposed class along with EMSI and LapCorp. *See generally* ECF No. 29 ("SAC").

On March 7, 2018, the Parties attended a telephonic Early Neutral Evaluation with the Honorable Jill L. Burkhardt; however, the Parties did not agree to settlement terms at that time. *See generally* ECF No. 52. The Parties attended a mediation conducted by Jeffrey Krivis of First Mediation Corporation on July 5, 2018. Prelim. Approval Mot. 3. Through that mediation, the Parties reached an "outstanding [s]ettlement on behalf of Plaintiff and the proposed Class." *Id.* at 4. The resulting Proposed Settlement Agreement is now before the Court.

/ / /
/ / /
/ / /
/ / /

**SETTLEMENT TERMS**

The Parties have submitted a comprehensive Proposed Settlement Agreement with approximately forty pages of substantive terms, Prelim. Approval Mot. Ex. 1, ECF No. 66-2 at 2–46,[1] as well as a Proposed Notice. *Id.* at 48–65.

## I. Proposed Settlement Class

The Proposed Settlement Class is defined to include "all Persons, regardless of specific title, who currently work for, or previously worked for, Soko as a phlebotomist, examiner, and/or PST Specialist who also worked at a LapCorp location pursuant to the Independent Contractor Agreement between Soko and EMSI, and/or the Provider Agreement between EMSI and LapCorp, at any time during the period of May 24, 2013 through the date of the Preliminary Approval Order." Proposed Settlement Agreement ¶ 2.6. According to the Parties' investigation and available data, this constitutes "one hundred eighteen (118) Class Members." *See id.*

## II. Proposed Monetary Relief

The Proposed Settlement Agreement provides for $700,000 in Gross Settlement Proceeds, Proposed Settlement Agreement ¶ 5.1(a), "used to pay [$175,000 in] Attorneys' fees and [$5,000 in] Expenses, [$6,500 in] Administrative Expenses, [$5,000 for] the Class Representative Service Award, and payment to the [California Labor and Workforce Development Agency ("LWDA")] pursuant to [the Private Attorneys General Act ("PAGA")] in the amount of $10,000," Prelim. Approval Mot. at 4–5 & n.2, with "the Net Settlement Proceeds . . . used to pay class Members." *Id.* at 5.

Each Class Member will receive a portion of the Settlement Fund "based on weeks worked" during the class period. Proposed Settlement Agreement ¶ 5.1(b); *see also* Ex. A-2, ECF No. 66-2 at 60–63 ("Individual Work Weeks Form"). Consequently, "[w]hile members will receive varying amounts based on the number of weeks they worked, if a

---

[1] Because both the Proposed Settlement Agreement and Proposed Notice are filed as part of ECF No. 66-2, the Court identifies the documents using the CM/ECF pagination.

straight average allocation were made . . . , each member will receive more than $4,224." Prelim. Approval Mot. at 5. The Parties have also specified the percentage amount (as against the 100% Net Settlement Proceeds) each Class Member will recover. Individual Work Weeks Form at 1–4. In exchange, the Class Members will release all "claims, liabilities, damages, obligations, costs, or causes of action of whatever kind of nature that were asserted . . . in the Second Amended Class Action Complaint." Settlement Agreement ¶ 10.2.

None of the Settlement Fund will revert to Defendants and, to the extent that any funds remain after the initial Class-Member distribution, that amount "will be paid in accordance with California Code of Civil Procedure section 384 to the Legal Aid Society of San Diego, a nonprofit organization providing civil legal services to the indigent." Prelim. Approval Mot. at 6.

## III. Injunctive Relief

Those Class Members who continue to work for Defendants will be reclassified as Internal Revenue Service Form W-2 employees. Proposed Settlement Agreement ¶ 5.1(c). Further, Defendants will not require Class Members to arrive at work ten minutes prior to the billable start time, unless such time is compensated in compliance with applicable laws and regulations. *Id.*

## RULE 23 SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23. To certify a class, each of the four requirements of Rule 23(a) must first be met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

>   (1) the class is so numerous that joinder of all members is impracticable;
>
>   (2) there are questions of law or fact common to the class;
>
>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>   (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here, Plaintiff seeks to certify the Settlement Class under subdivision Rule 23(b)(3), *see* Prelim. Approval Mot. at 19–21, which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court addresses each of these requirements in turn.

## I. Rule 23(a)(1): Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

Here, the proposed Settlement Class consists of one hundred eighteen members. Prelim. Approval Mot. at 4. Accordingly, joinder of all members would be impracticable for purposes of Rule 23(a)(1), and the numerosity requirement is therefore satisfied. *Jordan v. L.A. Cnty.*, 669 F.2d 1311, 1320 n.10 (9th Cir.) (collecting "[c]lasses with fewer known class members [that] have been certified"), *cert. granted & judgment vacated*, 459 U.S. 810 (1982), *aff'd*, 713 F.2d 503 (9th Cir. 1983).

/ / /

## II. Rule 23(a)(2): Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class." Commonality requires that "the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the Parties have defined the Settlement Class to encompass all people who worked as a phlebotomist, examiner, or PST Specialist at a LabCorp location pursuant to an independent contractor agreement between Soko and EMSI or a provider agreement between EMSI and LabCorp. Prelim. Approval Mot. at 4; *see also* Proposed Settlement Agreement ¶ 2.6. Common questions thus revolve around the Defendants' collective conduct of misclassifying Settlement Class Members as independent contractors. Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis, and Rule 23(a)(2) is satisfied. *See, e.g.*, *Norris-Wilson v. Delta-T Grp., Inc.,* 270 F.R.D. 596, 604 (S.D.Cal. 2010) (holding that question of whether workers who were hired by the defendant and classified as independent contractors under the same agreement were independent contractors or employees was sufficient to meet commonality requirement under Rule 23(a)(2)).

## III. Rule 23(a)(3): Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named plaintiffs' claims must be typical of those of the class. The typicality requirement is "permissive" and requires only that the named plaintiffs' claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir.

1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (citation omitted).

Here, Plaintiff was an employee whose claims allegedly arise out of the same underlying policies and practices of Defendants as those pertaining to the proposed Settlement Class. Prelim. Approval Mot. at 18. As with the Settlement Class Members, Plaintiff was "misclassified by Defendants as an independent contractor, received similar wage statements, and was paid the same $175 daily wage." *Id.* Accordingly, Plaintiff's claims are typical of the claims of proposed Settlement Class Members, thus satisfying Rule 23(a)(3). *See, e.g.*, *Norris-Wilson*, 270 F.R.D. at 605 ("The entire class alleges an identical injury, namely that they were wrongfully classified as independent contractors by [the defendant] and, as a result, denied a panoply of work-related benefits that are afforded to employees under California labor laws.").

## IV. Rule 23(a)(4): Adequacy

Federal Rule of Civil Procedure 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class. "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

Here, there is no reason to believe that the Class Representative or Class Counsel have any conflict of interest with the proposed Settlement Class Members. There is also no reason to believe that the Class Representative or Class Counsel has failed to vigorously investigate and litigate this case to this point. Plaintiff has retained competent counsel, who has "exchanged substantial data" with Defendants to investigate and research Plaintiff's claims. Prelim. Approval Mot. at 3. Furthermore, Class Counsel has significant

class action litigation experience. *Id.* 19; *see also* Ex. 4, ECF No. 66-5 ("Firm Resume"). Accordingly, the Class Representative and Class Counsel adequately represent the proposed Settlement Class Members, and Rule 23(a)(4)'s adequacy requirement is met.

**V.    Rule 23(b)(3)**

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### *A.    Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, the common issue of whether Defendants misclassified the Settlement Class Members as independent contractors predominates over any individual issues. *See* Prelim. Approval Mot. at 21; *see also Norris-Wilson*, 270 F.R.D. at 608 ("Because the degree of [the defendant]'s control over the workers is susceptible to common proof, and because the same can be said of a good number of the secondary factors that define an employment relationship, the Court finds that common issues predominate over individual ones with respect to the threshold question whether putative class members are employees of [the defendant] or independent contractors."). Further, for purposes of the Proposed Settlement Agreement, Class Members are not required to prove any evidentiary or factual issues that could arise in litigation. Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.

### *B.    Superiority*

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and

///

efficiently adjudicating the controversy." The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

*See also Zinser*, 253 F.3d at 1190. A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement. *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010); *see also Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."). The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Proc.* § 1780, at 562 (2d ed. 1986)). A district court has "broad discretion" in determining whether class treatment is superior. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, the Settlement Class Members' claims involve the same issues arising from the same factual bases. If the Settlement Class Members' claims were considered on an individual basis, more than one hundred cases would follow a similar trajectory and each would come to a similar result. Furthermore, the individual cases would consume a significant amount of the Court's and the Parties' resources. It is also likely that the Settlement Class Members would not pursue litigation on an individual basis due to the high costs of pursuing their individual claims. The interests of the Settlement Class

9

17-CV-1077 JLS (JLB)

Members in individually controlling the litigation are minimal, especially given the same broad-based policy and practices would be at issue. Given all the above, class treatment is the superior method of adjudicating this controversy, and the superiority requirement of Rule 23(b)(3) is met. *See, e.g.*, *Norris-Wilson*, 270 F.R.D. at 612 ("The Court has already determined that the threshold question whether [the defendant]'s healthcare professionals are employees or independent contractors is susceptible to common proof, and that the specific claims can be adjudicated with minimal attention to individual issues. The bases for that determination also compel the conclusion that certain of Plaintiffs' claims are best adjudicated on a class-wide basis.").

## VI. Conclusion

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rule 23(b)(3). Accordingly, the proposed Settlement Class is **CERTIFIED** for settlement purposes only.

## RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Having certified the proposed Settlement Class, the Court must next make a preliminary determination as to whether the Proposed Settlement Agreement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C). Factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner v. State Farm Mut. Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *13 (N.D. Cal. Apr. 22, 2010) (quoting *Brown v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880,

at *5 (N.D. Cal. Feb. 17, 2016)). "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

## I. Strength of Plaintiffs' Case

To succeed on the merits, Plaintiff would have to prove that Defendants misclassified their phlebotomists as independent contractors in violation of California's wage and hour laws. *See* FAC ¶ 1. Plaintiff also claims that Defendants willfully misclassified the class members in violation of California Labor Code § 226.8. *See id.* ¶ 59. Defendants steadfastly deny any wrongdoing. *See generally* ECF Nos. 8, 12, 34. Given this juxtaposition, the Court finds that this factor weighs in favor of finding the Proposed Settlement Agreement fair, reasonable, and adequate.

## II. Risk, Expense, Complexity, and Likely Duration of Further Litigation

Were the case to proceed to further litigation, the Parties would each bear substantial risk and a strong likelihood of protracted and contentious litigation. Even though the Parties have agreed to settle this action, they fundamentally disagree regarding the validity of Plaintiff's claims. *Compare* ECF No. 29, *with* ECF Nos. 8, 12, 34. The Parties have yet to engage in substantial motion practice, including for class certification and summary judgment. Accordingly, this factor weights in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

## III. Risk of Maintaining Class Action Status Throughout Trial

Defendants dispute whether the classes can be validly certified in the absence of the Proposed Settlement Agreement. *See* ECF No. 8 ¶ 147; ECF No. 12 ¶ 131; ECF No. 34 Def.'s Aff. Defenses ¶ 6. Implicit in this disagreement is the likelihood of initial challenges to class certification and the potential for decertification motions even if class status were granted. Weighed against the fact that Defendants do not object to a finding that the class elements are met for purposes of the Proposed Settlement Agreement, this factor weighs in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

## IV. Amount Offered in Settlement

Defendants have offered to pay Gross Settlement Proceeds of $700,000, with EMSI to pay $410,000, Soko to pay $150,000, and LabCorp to pay $140,000. *See* Proposed Settlement Agreement ¶ 5.1(a). Less the Attorneys' Fees and Expenses, Administrative Expenses, the Class Representative Service Award, the employer's share of payroll taxes, any Opt-Out Reduction, and the LWDA payment, the Net Settlement Proceeds are to be allocated and distributable based on the number of weeks each Class Member worked. *See id.* ¶ 5.1(b). A straight averaged allocation for each of the 118 Class Members would result in distribution of more than $4,224 each. *See* Prelim. Approval Mot. at 5. The Parties note that "Plaintiff is obtaining a near equivalent to the recovery initially expected." *Id.* at 13. Given the risks of litigation, the Court determines that the amount offered in the Proposed Settlement Agreement is fair and reasonable and that this factor weighs in favor of settlement.

## V. Extent of Discovery Completed and Stage of Proceedings

Although this action was filed in May 2017, *see* ECF No. 1, it is still in the relatively early stages of litigation. Nonetheless, "prior to mediation, Plaintiff engaged in informal discovery[ and] reviewed information provided by Defendants, including data regarding the scope of the class and the relationships between Defendants." Declaration of Aaron M. Olsen in Support of Prelim. Approval Mot., ECF No. 66-1, ¶ 10. "The Parties seriously investigated the facts and analyzed the relevant legal issues regarding the claims and defenses asserted in the Action." *Id.* "Plaintiff also conducted formal post-mediation discovery, including serving Requests for Admission[], to confirm the material points of the Parties' contentions." *Id.*

Accordingly, it appears the Parties have entered into the Proposed Settlement Agreement with a strong working knowledge of the relevant facts, law, and strengths and weaknesses of their claims and defenses. This factor therefore weights in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

/ / /

## VI. Experience and Views of Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). "Here, counsel for the Parties endorses the Settlement as fair, adequate, and reasonable" and "Plaintiff's Counsel have extensive experience in prosecuting and litigating employment and consumer class action cases." Prelim. Approval Mot. at 13. Because the presumption of reasonableness is warranted under these circumstances, the Court concludes that this factor weighs in favor of finding the Proposed Settlement Agreement fair, reasonable, and adequate.

## VII. Attorneys' Fees Provision

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five percent is the 'benchmark' that district courts should award." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006. A district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (citing *Six Mexican Workers*, 904 F.2d at 1311). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007.

Here, Defendants have agreed not to oppose to Class Counsel's request for the Court to approve attorneys' fees in the amount of up to twenty-five percent of the total benefits conferred to the Class Members by the Proposed Settlement Agreement, or $175,000, plus documented litigation costs. *See* Proposed Settlement Agreement ¶ 7.1. Because this fee is in line with the Ninth Circuit's benchmark, the Proposed Settlement Agreement's attorney-fee provision should not bar preliminary approval.

## VIII. Class Representative Service Award Provision

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The district court must evaluate each incentive award individually, using "'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation.'" *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Here, the Parties have agreed to a Class Representative Service Award up to a maximum total amount of $5,000. *See* Proposed Settlement Agreement ¶ 7.2. The Court finds that this modest incentive award is reasonable and should not bar preliminary approval.

## IX. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's unopposed Preliminary Approval Motion.

## PROPOSED SETTLEMENT NOTICE

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Because the Court has determined that preliminary certification is appropriate under Rule 23(b)(3), the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see*

*also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

In the present case, the Parties intend to notify the Class Members through first-class mail and email. *See* Proposed Settlement Agreement ¶¶ 6.2(b)(i)–(ii). Defendants shall provide the Claims Administrator with the Class Members' "last known mailing address, email address, and telephone number," *id.* ¶ 6.2, and the Claims Administrator "shall use standard skip-tracing methods to obtain forwarding addresses of Class Members if any of the mailed Class Notices are returned as undeliverable." Prelim. Approval Mot. at 7. The eight-page Proposed Notice provides:

> (1) a short, plain statement about the Action and the essential terms of the Settlement; (2) an appropriate means for obtaining additional information regarding the Action and the Settlement; (3) appropriate information concerning the procedure for objecting or opting-out from the Settlement; and (4) information that any relief to Class Members is contingent on the Court's final approval.

*Id.* at 7; *see also* Proposed Notice.

Having thoroughly reviewed the jointly drafted Proposed Notice, the Court finds that both the method and content of the Proposed Notice comply with Rule 23. Accordingly, the Court **APPROVES** both the content of the Proposed Notice and the proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Preliminary Approval Motion (ECF No. 66) and **HEREBY ORDERS**:

1. **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT:** The Settlement Agreement is **PRELIMINARILY APPROVED** as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

2. **PRELIMINARY CLASS CERTIFICATION:** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Action is **PRELIMINARILY CERTIFIED**, for settlement

purposes only, as a class action on behalf of the following Settlement Class Members with respect to the Released Claims asserted in this Action:

**Settlement Class Members:** "[A]ll Class Members who do not exclude themselves from the Settlement Class in the manner and time prescribed by the Court in the Preliminary Approval Order." Proposed Settlement Agreement ¶ 2.40.

**Class Member(s):** "Plaintiff, in addition to and also all Persons, regardless of specific title, who currently work for, or previously worked for, Soko as a phlebotomist, examiner, and/or PST Specialist who also worked at a LabCorp location pursuant to the Independent Contractor Agreement between Soko and EMSI, and/or the Provider Agreement between EMSI and LabCorp, at any time during the period of May 24, 2013 through the date of the Preliminary Approval Order." Proposed Settlement Agreement ¶ 2.6.

3. **CLASS REPRESENTATIVE, CLASS COUNSEL, AND CLAIMS ADMINISTRATOR:** Pursuant to Federal Rule of Civil Procedure 23, the Court **PRELIMINARILY CERTIFIES**, for settlement purposes only, Plaintiff Maria T. Gonzalez as the Class Representative and Haeggquist & Eck, LLP as Class Counsel. Additionally, the Court **APPROVES AND APPOINTS** Phoenix Class Action Administration Solutions as the Claims Administrator.

4. **NOTICE:** The Court **PRELIMINARILY APPROVES** the form and substance of the Proposed Notice set forth in the Settlement Agreement. *See* ECF No. 66-2 at 48–65. The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). The Court further concludes that the Notice Procedure constitutes the best notice practicable under the circumstances. As provided in the Settlement Agreement, the Claims Administrator **SHALL PROVIDE** notice to the Class Members and respond to Class Member inquiries. Within thirty (30) days of the date on which this Order is electronically docketed, the Claims Administrator **SHALL**
///

16
17-CV-1077 JLS (JLB)

**DISSEMINATE** the Notice in the Form attached as Exhibit A to the Proposed Settlement Agreement and in the manner and form provided in the Proposed Settlement Agreement.

5. **FINAL APPROVAL HEARING:** Judge Sammartino **SHALL CONDUCT** a Final Approval Hearing on Thursday, August 22, 2019, at 10:00 a.m., in Courtroom 4D of the Edward J. Schwartz United States Courhouse, 221 W. Broadway, San Diego, CA 92101, to consider:

    a. the fairness, reasonableness, and adequacy of the proposed settlement;
    b. Plaintiff's request for an award of attorneys' fees and costs;
    c. the Class Representative Service Award;
    d. dismissal with prejudice of the Action with respect to Defendants; and
    e. the entry of final judgment in this Action.

At the Final Approval Hearing, the Parties shall also be prepared to update the Court on any new developments since the filing of the Motion, including any untimely submitted opt-outs, objections, and claims or any other issues as the Court deems appropriate. The date and time of the Final Approval Hearing **SHALL BE INCLUDED** in the Notice to be mailed to all Class Members.

6. **MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT:** No later than twenty-one (21) days before the Final Approval Hearing, the Parties **SHALL FILE** a Motion for Final Approval of Class Action Settlement. The Motion **SHALL INCLUDE AND ADDRESS** any Objections received as of the filing date. In addition to the class certification and settlement fairness factors, the motion **SHALL ADDRESS** the number of putative Class Members who have opted out and the corresponding number of claims.

7. **APPLICATION FOR ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD:** No later than twenty-one (21) days before the Final Approval Hearing, Class Counsel **SHALL FILE** an application for attorney fees, costs, and a Class Representative Service Award. Class Counsel **SHALL PROVIDE** documentation detailing the number of hours incurred by attorneys in litigating this action,

supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled. Class Counsel **SHALL ADDRESS** the appropriateness of any upward or downward departure in the lodestar calculation, as well as reasons why a percentage-of-the-fund approach to awarding attorney fees may be more preferable in this case. Class Counsel **SHALL BE PREPARED** to address any questions the Court may have regarding the application for fees at the Final Approval Hearing.

8. **MISCELLANEOUS PROVISIONS:** In the event the Proposed Settlement Agreement is not consummated for any reason, the conditional class certification **SHALL BE** of no further force or effect. Should the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement **SHALL HAVE** no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

9. **SCHEDULE:** The Court orders the following schedule for further proceedings:

| Event | Date |
|---|---|
| Deadline for Defendants to send Claims Administrator a list of Class Members | Within 21 days of the date on which this Order is electronically docketed |
| Deadline for Claims Administrator to mail Proposed Notice | Within 30 days of the date on which this Order is electronically docketed |
| Deadline for Objections | Within 45 days of publication of the Proposed Notice |
| Deadline for Class Counsel to file motion for attorneys' fees and costs and Class Representative Service Award | No later than 21 days prior to the Final Approval Hearing |

/ / /
/ / /
/ / /

| Deadline for the Parties to file a motion for final approval of class action settlement | No later than 21 days prior to the Final Approval Hearing |
|---|---|
| Deadline for Claims Administrator to prepare and Class Counsel to file Declaration of Compliance with Class Notice requirements | No later than 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | August 22, 2019, at 10:00 a.m. |

10. **STAY:** At the request of the Parties, pending the Final Approval Hearing, all proceedings in the Action, including all current deadlines other than those set forth herein, are **STAYED** until further Order from this Court.

**IT IS SO ORDERED.**

Dated: April 30, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge