# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA T. GONZALEZ, on Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXAMINATION MANAGEMENT SERVICES, INC., a Nevada Corporation; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware Corporation; SOKO UNITED CORP., a California Corporation; and DOES 1–10, inclusive,<br><br>    Defendants. | Case No.: 17-CV-1077 JLS (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR**<br>**(1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br>**(2) ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>(ECF Nos. 74, 75) |
| EXAMINATION MANAGEMENT SERVICES, INC., a Nevada Corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>SOKO UNITED CORP., a California Corporation,<br><br>    Third-Party Defendant. | |

Presently before the Court are Plaintiff Maria T. Gonzalez's unopposed Motions for (1) Final Approval of Class Action Settlement ("Final Approval Mot.," ECF No. 74); and (2) Attorneys' Fees, Costs, and Incentive Award ("Att'y Fee Mot.," ECF No. 75). The Court conducted a hearing on August 22, 2019. *See* ECF No. 80. Because the settlement is fundamentally fair, reasonable, and adequate, the Court **GRANTS** Plaintiff's unopposed Final Approval Motion. Further, because the requested attorneys' fees, costs, and incentive award are reasonable, the Court **GRANTS** Plaintiffs' Attorney Fee Motion.

## BACKGROUND

This case began when Plaintiff Maria T. Gonzalez filed an action against Laboratory Corporation of America Holdings ("LabCorp") and Examination Management Services, Inc. ("EMSI") on May 24, 2017. *See generally* ECF No. 1 ("Compl."). Plaintiff alleged Defendants improperly classified her and other phlebotomists as independent contractors. *Id.* ¶ 1. Plaintiff further alleged that this misclassification caused damages under several provisions of both federal and state law, including damages for failure to pay minimum wage, failure to provide accurate wage statements, and failure to provide timely payment of all wages upon discharge. *Id.* ¶ 3.

On November 10, 2017, EMSI added Soko United Corporation ("Soko") as a third-party defendant, alleging indemnity-based claims. *See generally* ECF No. 27. Plaintiff filed a Second Amended Complaint that added Soko as a defendant and alleged that Soko was the joint employer of Plaintiff and the proposed class along with EMSI and LapCorp. *See generally* ECF No. 29 ("SAC").

On March 7, 2018, the Parties attended a telephonic Early Neutral Evaluation with the Honorable Jill L. Burkhardt; however, the Parties did not agree to settlement terms at that time. *See generally* ECF No. 52. The Parties attended a mediation conducted by Jeffrey Krivis of First Mediation Corporation on July 5, 2018. Declaration of Aaron M. Olsen in Support of Final Approval Mot. ("Olsen Approval Decl.," ECF No. 74-2) ¶ 7. Through that mediation, "the Parties were able to reach an outstanding settlement agreement on behalf of Plaintiff and the proposed Class." *Id.*

On September 21, 2018, the Parties sought preliminary approval from the Court, *see generally* ECF No. 66, which the Court granted. *See generally* ECF No. 73. Notice was then provided to all 118 Class Members. Declaration of Elizabeth Kruckenberg ("Kruckenberg Decl.," ECF No. 74-7) ¶ 5. Three Class Members have opted out of the Settlement, leaving 115 Class Members. *Id.* ¶ 8. No Class Members have objected to the Settlement. *Id.* ¶ 9.

The Parties are now before the Court to seek the Court's final approval of their Settlement. *See generally* ECF No. 74.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive settlement agreement with approximately forty pages of substantive terms. ECF No. 66-2 at 2–46 ("Proposed Settlement Agreement").[1]

### I. Proposed Settlement Class

The Proposed Settlement Class is defined to include "all Persons, regardless of specific title, who currently work for, or previously worked for, Soko as a phlebotomist, examiner, and/or PST Specialist who also worked at a LapCorp location pursuant to the Independent Contractor Agreement between Soko and EMSI, and/or the Provider Agreement between EMSI and LapCorp, at any time during the period of May 24, 2013 through the date of the Preliminary Approval Order." Proposed Settlement Agreement ¶ 2.6. According to the Parties' investigation and available data, this constitutes "one hundred eighteen (118) Class Members." *See id.*

Three Class Members have excluded themselves from the Settlement, leaving 115 Settlement Class Members. Kruckenberg Decl. ¶ 8. None of the remaining 115 Settlement Class Members has objected to the Settlement. *See id.* ¶ 9.

///

---

[1] Because both the Proposed Settlement Agreement and Proposed Notice were filed as part of ECF No. 66-2, the Court identifies the documents using the CM/ECF pagination.

## II. Proposed Monetary Relief

The Proposed Settlement Agreement provides for $700,000 in Gross Settlement Proceeds, Proposed Settlement Agreement ¶ 5.1(a), "used to pay: (1) $175,000 in attorneys' fees; (2) $5,000 in litigation expenses; (3) $6,500 in administrative expenses; (4) $5,000 for the Class Representative Service Award; (5) $10,000 for payment to the [California Labor and Workforce Development Agency ("LWDA")] pursuant to [the Private Attorneys General Act ("PAGA")]; and (6) the remainder $498,500 used to pay the Settlement Class Members ("Net Settlement Proceeds")." Final Approval Mot. at 6.

Each of the 115 Settlement Class Members will receive a portion of the Settlement Fund "based on weeks worked" during the class period. Proposed Settlement Agreement ¶ 5.1(b). Should the Court approve the Proposed Settlement Agreement, each of the 115 Settlement Class Members will receive a payout as calculated in the Individual Work Weeks Form with Assumed Payout, attached as Exhibit B to the Decl. of Aaron M. Olsen. *See* Olsen Approval Decl. Ex. B, ECF No. 74-4. "[I]f a straight average allocation were made, each Settlement Class Member would receive at least $4,334." Final Approval Mot. at 7 (citing Olsen Approval Decl. ¶ 10).

"None of the Settlement Fund will revert to Defendants and, to the extent that any funds remain after the distribution to Settlement Class Members, that amount will be paid in accordance with California Code of Civil Procedure §[ ]384 to the Legal Aid Society of San Diego, a nonprofit organization providing civil legal services to the indigent." *Id.* (citing Proposed Settlement Agreement ¶ 5.2; Olsen Approval Decl. ¶ 15).

## III. Injunctive Relief

Those Class Members who continue to work for Defendants will be reclassified as Internal Revenue Service Form W-2 employees. Proposed Settlement Agreement ¶ 5.1(c). Further, Defendants will not require Class Members to arrive at work ten minutes prior to the billable start time, unless such time is compensated in compliance with applicable laws and regulations. *Id.*

///

# MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

## I. Class Certification

Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees). In the present case, the Court previously certified the settlement class for purposes of settlement only. Prelim. Approval Order, ECF No. 73, at 4–10. "No additional facts have come to light to disturb the logic of that Order." Final Approval Mot. at 8. Accordingly, the Court reaffirms and incorporates by reference its prior analysis under Rules 23(a) and (b)(3) as set forth in its Preliminary Approval Order. *See* Prelim. Approval Order at 4–10.

## II. Adequacy of Notice

The Court must also determine that the Class received adequate notice. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

In its Preliminary Approval Order, the Court preliminarily approved the Parties' proposed notice and notice plan. *See* Prelim. Approval Order at 14–15. As part of her Final Approval Motion, Plaintiff filed the Declaration of Elizabeth Kruckenberg, who is the "Director of Case Management at Phoenix Settlement Administrators (PSA), the Court-appointed Class Action Settlement Administrator." *See generally* Kruckenberg Decl; *see also id.* ¶ 1. In her declaration, Ms. Kruckenberg details the actions taken by PSA to provide notice in accordance with the Notice Plan. *See generally id.* Having reviewed Ms. Kruckenberg's declaration, the Court finds that the Settlement Class received adequate notice of the Settlement.

/ / /

/ / /

## III. Fairness of the Settlement

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C). Factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. This determination is committed to the sound discretion of the trial judge. *Id.*

In its Preliminary Approval Order, the Court addressed each of the *Hanlon* factors in turn and found that all of the pertinent factors weighed in favor of approving the Settlement. *See* Prelim. Approval Order at 10–14. Since then, no Class Member has filed an objection, *see* Kruckenberg Decl. ¶ 9, and only three Class Members have opted out of the Settlement. *Id.* ¶ 8. Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the Rule 23(e) requirements as set forth in its Preliminary Approval Order. *See* Prelim. Approval Order at 10–14. Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

## IV. Conclusion

Because all of the pertinent factors here weigh in favor of approving the Settlement, the Court **GRANTS** Plaintiff's Final Approval Motion.

## MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD

Class Counsel seek one-quarter of the $700,000 Gross Settlement Proceeds, totaling $175,000, as attorneys' fees; $5,000 as reimbursement for litigation expenses; and $6,500 in administrative expenses. Att'y Fee Mot. at 2. In addition, the Proposed Settlement Agreement provides for a $5,000 Class Representative Service Award. *Id.* Defendants

have agreed not to oppose Class Counsel's application for attorneys' fees plus documented litigation costs. *Id.* at 6. The Court addresses each of Class Counsel's requests in turn.

## I. Attorneys' Fees

Federal Rule of Civil Procedure 23(h) permits a court to award reasonable attorneys' fees "authorized by law or by the parties' agreement." The Court has discretion to award attorneys' fees based on "the percentage-of-the-fund method or the lodestar/multiplier approach." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295–96 (9th Cir. 1994). The Ninth Circuit has routinely applied the percentage-of-the-fund approach, treating twenty-five percent as the "benchmark." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378–79 (9th Cir. 1994). Despite this benchmark, district courts have discretion to "[a]djust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *Id.* at 379.

Here, Class Counsel seek up to twenty-five percent of the $700,000 Gross Settlement Proceeds, totaling $175,000. *See* Att'y Fee Mot. at 2. Nothing in this case requires departure from the standard twenty-five percent award.

Class Counsel contend that they have "[a]chieved an [o]utstanding [r]esult" that "provides substantial compensation to Settlement Class Members without the undue burden, delay, and risks of litigation," *id.* at 6–7 (emphasis omitted), and that the "Class Members' lack of objection to the Settlement confirms the adequacy of the settlement amount." *Id.* at 13; *see also id.* at 15. Further, Class Counsel note that they have devoted substantial effort to this case, devoting about 400 hours to securing the Settlement alone. *Id.* at 13. Class Counsel claim that they are highly skilled and experienced in wage and hour cases such as this and that "[t]heir skill and experience . . . were instrumental to the results achieved for the Settlement Class." *Id.* at 14. Further, this litigation was undertaken on a wholly contingent basis, with Class Counsel "knowing that neither class certification nor a successful outcome on the merits was assured." *Id.* Finally, the $175,000 requested is less than Class Counsel's calculated lodestar of $189,745. *Id.* at 16–18.

///

The Court agrees with Class Counsel that the fee request in the amount of $175,000 is reasonable, particularly in light of the favorable results achieved by Class Counsel, the risk Class Counsel assumed by taking this case on contingency, and the award being in line with the lodestar calculation. Accordingly, the Court finds that an award of twenty-five percent of the Gross Settlement Proceeds is reasonable under the circumstances of this case.

## II. Costs

Class Counsel also seeks reimbursement for $5,000 in litigation expenses. *See* Att'y Fee Mot. at 18–19. California's Labor Code provides for an award of such costs. *See, e.g.*, Cal. Labor Code §§ 218.5, 226(h), 1194(a), 2699(g).

"To date, Class Counsel [has] incurred in excess of $5,000 in total out-of-pocket costs and expenses in prosecuting this litigation on behalf of the Settlement Class on a contingent basis." Att'y Fee Mot. at 18; *see also* Decl. of Aaron M. Olsen in Support of Att'y Fee Mot. ("Olsen Fee Decl.," ECF No. 75-2) ¶¶ 48–50. The fees, totaling $5,553.87, were incurred for courier charges, filings fees, postage, printing, meals, mediation services, and research and investigation services. Olsen Fee Decl. ¶ 48. Class Counsel "has not sought reimbursement of certain 'soft' costs such as internal phone charges, or similar expenses." *Id.* No objections to these costs have been made. Accordingly, the Court finds that Class Counsel's litigation expenses are typical and reasonable and approves the requested reimbursement in the amount of $5,000.

## III. Incentive Awards

Finally, Class Counsel seek a Representative Service Award for Plaintiff in the amount of $5,000. Att'y Fee Mot. 19–21. Incentive awards are "fairly typical" discretionary awards "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citations omitted). In deciding whether to give an incentive award, the Court may consider:

> 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations omitted).

"Here, Plaintiff assumed the risk of serving as the Class Representative knowing the 'decision could damage' her 'prospects with future employment.'" Att'y Fee Mot. at 20 (quoting Decl. of Maria T. Gonzalez ("Gonzalez Decl.," ECF No. 75-6) ¶ 4). She "also spent substantial time and effort in assisting with the litigation and fulfilling her duties as a Class Representative." *Id.* (citing Gonzalez Decl. ¶¶ 5–6). Further, the requested $5,000 award is "in-line with those typically awarded and presumptively reasonable." *Id.* at 19–20 (citing *In re Toys R Us–Del., Inc. Fair & Accurate Credit Transactions Act Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Koz v. Kellogg Co.*, No. 09-CV-1786-IEG (WMc), 2010 U.S. Dist. LEXIS 116924, *7–8 (S.D. Cal. Oct. 14, 2010); *Aguayo v. Oldenkamp Trucking*, No. CIV F-04-6279 AWI LJO, 2006 WL 3020943, *2 (E.D. Cal. Oct. 17, 2006)). Having considered the relevant factors, the Court finds the Representative Service Award of $5,000 to be reasonable.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Attorney Fee Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motions for Final Approval of Class Action Settlement (ECF No. 74) and for Attorneys' Fees, Costs, and Incentive Award (ECF No. 75).

**IT IS SO ORDERED.**

Dated: August 27, 2019

Hon. Janis L. Sammartino
United States District Judge